**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division**

| | | |
|---|---|---|
| **STEPHEN ANDREW J.,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Civil No. TMD 20-418** |
| **v.** | * | |
| | * | |
| | * | |
| **ANDREW M. SAUL,** | * | |
| **Commissioner of Social Security,** | * | |
| | * | |
| **Defendant.** | * | |

************

## MEMORANDUM OPINION GRANTING DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

Plaintiff Stephen J. seeks judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying his applications for disability insurance benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment (ECF No. 11) and Defendant's Motion for Summary Judgment (ECF No. 12).[1] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that he is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Defendant's Motion for Summary Judgment (ECF No. 12) is **GRANTED**, Plaintiff's Motion for Summary Judgment (ECF No. 11) is **DENIED**, and the Commissioner's final decision is **AFFIRMED**.

---

[1] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

# I

## Background

On September 19, 2019, Administrative Law Judge ("ALJ") Kerith Cohen held a hearing where Plaintiff and a vocational expert ("VE") testified.  R. at 35-71.  The ALJ thereafter found on November 6, 2019, that Plaintiff was not disabled from his alleged onset date of disability of June 1, 2018, through the date of the ALJ's decision.  R. at 12-34.  In so finding, the ALJ found that Plaintiff had not engaged in substantial, gainful activity since June 1, 2018, and that his back disorder, lumbar radiculitis, major depression, and obesity were severe impairments.  R. at 18.  He did not, however, have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1.  R. at 18-21.  In comparing the severity of Plaintiff's mental impairments to the listed impairments, the ALJ found that Plaintiff had a moderate limitation in concentrating, persisting, or maintaining pace.  R. at 21.

The ALJ then found that Plaintiff had the residual functional capacity ("RFC")

to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except for the following: [Plaintiff] can perform jobs that allow him to alternate between sitting and standing every 30 minutes, while remaining at the work station and on task; [Plaintiff] can perform work that does not require constant pushing and pulling with the right (dominant) lower extremity; [Plaintiff] cannot climb ladders, ropes, or scaffolds; [Plaintiff] can occasionally perform all other postural activities; [Plaintiff] can perform simple routine tasks, consistent with unskilled work at Specific Vocational Preparation (SVP) level 2 and reasoning level 3, and [Plaintiff] can perform that work in two hour increments throughout an eight hour work day, with customary breaks; [Plaintiff] can occasionally interact with coworkers and the general public, while performing work tasks; and [Plaintiff] can adapt and manage to a routine work setting with minimal changes.

R. at 21-22.[2]  In light of this RFC and the VE's testimony, the ALJ found that, although he could not perform his past relevant work, Plaintiff could perform other work in the national economy, such as a clerical checker, routing clerk, or inspector.  R. at 27-29.  The ALJ thus found that Plaintiff was not disabled from June 1, 2018, through November 6, 2019.  R. at 29.

After the Appeals Council denied Plaintiff's request for review, Plaintiff filed on February 18, 2020, a complaint in this Court seeking review of the Commissioner's decision. Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment.  The case then was reassigned to the undersigned.  The parties have briefed the issues, and the matter is now fully submitted.

## II

## Disability Determinations and Burden of Proof

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.  A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."  20 C.F.R. §§ 404.1567(b), 416.967(b).  "Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls."  *Id.*

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1522(a), 416.920(c), 416.922(a).[3]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled,

---

[3] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1522(b)(1)-(6), 416.922(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

regardless of age, education, and work experience.   20 C.F.R.  §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work.   20 C.F.R.  §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4).   RFC is a measurement of the most a claimant can do despite his or her limitations.  *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).   The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources."   20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).   The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations.  *See id.*  If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled.  *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience.  *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the

national economy.   *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled.  If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III

### Substantial Evidence Standard

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence.  *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law."  *Id.*  The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion.  *See Hancock*, 667 F.3d at 472; *see also Biestek v. Berryhill*, 587 U.S. ___, 139 S. Ct. 1148, 1154 (2019).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner.  *Hancock*, 667 F.3d at 472.  Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."  *Smith v.*

6

*Chater*, 99 F.3d 635, 638 (4th Cir. 1996).  When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

## IV

### Discussion

Plaintiff contends that the ALJ erroneously found that his paresthesia of the right arm was not a severe impairment.  Pl.'s Mem. Supp. Mot. Summ. J. 7-9, ECF No. 11-1 (citing R. at 18). He also argues that the ALJ erred in failing to include in the RFC assessment limitations reflecting his lower back and major depression.  *Id.* at 9-10.  Plaintiff finally asserts that the ALJ failed to explain adequately why she found the treating physicians' opinions not to be persuasive. *Id.* at 10-12.  For the following reasons, Plaintiff's contentions are unavailing.

Plaintiff first argues that the ALJ erred in finding that his paresthesia of the right arm was not a severe impairment because it did not cause any significant limitations and did not cause more than minimal limitation in his ability to perform basic work activities.  R. at 18.  He, however,

> misunderstands the purpose of step two in the analysis.  Step two is merely a threshold determination meant to screen out weak claims.  It is not meant to identify the impairments that should be taken into account when determining the RFC.  In fact, "[i]n assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'"  The RFC therefore *should* be exactly the same regardless of whether certain impairments are considered "severe" or not.

*Buck v. Berryhill*, 869 F.3d 1040, 1048-49 (9th Cir. 2017) (alteration in original) (citations omitted).  "Moreover, step two was decided in [Plaintiff's] favor . . . .  He could not possibly have been prejudiced.  Any alleged error is therefore harmless and cannot be the basis for a remand."  *Id.* at 1049 (citing *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)); *accord*

*Smith v. Colvin*, 821 F.3d 1264, 1266-67 (10th Cir. 2016); *Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 951 (11th Cir. 2014) (per curiam); *Tegra C. v. Comm'r, Soc. Sec. Admin.*, Civil Action No. ADC-19-667, 2019 WL 6733114, at *5 (D. Md. Dec. 10, 2019).   In any event, as Defendant points out, Plaintiff does not show that his paresthesia of the right arm had lasted or was expected to last for a continuous period of at least twelve months.   *See* 20 C.F.R. §§ 404.1509, 416.909.   Plaintiff's contention that the ALJ erred at step two by failing to determine that his paresthesia of the right arm was a severe impairment is thus without merit.

Plaintiff next contends that the ALJ failed to include in the RFC assessment limitations reflecting his lower back.   Pl.'s Mem. Supp. Mot. Summ. J. 9, ECF No. 11-1.   On June 19, 2019, one of Plaintiff's treating physicians, Joseph Ferraro, M.D., opined in a "Lumbar Spine Medical Source Statement" that, because of his low back pain and right hand numbness, Plaintiff would need, among other things, to take four to six fifteen-minute breaks during a workday.   R. at 410, 412.   According to Dr. Ferraro, Plaintiff's symptoms likely would interfere with his attention and concentration to cause hm to be "off task" 25% or more of a typical workday.   R. at 413.   Plaintiff also would be absent from work more than four days per month.   R. at 413.   The ALJ found, however, that Dr. Ferraro's opinion was not persuasive because it was not supported by the evidence of record as a whole and because it was not consistent with the evidence of record as a whole.   R. at 25.   Rather, the ALJ found that the mild to moderate objective findings and Plaintiff's conservative treatment regimen did not support the opined limitations.   R. at 26.   The ALJ also found that these limitations were inconsistent with Plaintiff's activities of daily living. R. at 26.

Plaintiff maintains that, in not giving controlling weight to Dr. Ferraro's opinion, the ALJ failed to consider the factors listed in 20 C.F.R. §§ 404.1520c(c)(1)-(5) and 416.920c(c)(1)-(5).[4] For claims filed on or after March 27, 2017 (such as Plaintiff's), the Commissioner does not give any specific evidentiary weight, including controlling weight, to any medical opinion. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Rather, the Commissioner considers medical opinions using five factors: (1) supportability; (2) consistency; (3) the medical source's relationship with the claimant; (4) the medical source's specialization; and (5) other factors, such as the medical source's familiarity with the other evidence in the claim or understanding of the disability program's policies and evidentiary requirements. *Id.* §§ 404.1520c(c), 416.920c(c). The first two factors, supportability and consistency, are the most important in determining the persuasiveness of a medical source's opinion, and the Commissioner is not required to explain the consideration of the other three factors. *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2).

Here, in finding that Dr. Ferraro's opinion was not persuasive, the ALJ considered its supportability and consistency with the evidence of record as a whole. R. at 25. In doing so, the ALJ considered the objective medical evidence, Plaintiff's conservative treatment, and his activities of daily living. R. at 26. Although Plaintiff points to other evidence that he contends would contradict the ALJ's finding, the Court finds that substantial evidence supports it. *See Milam v. Colvin*, 794 F.3d 978, 984 (8th Cir. 2015) (noting that claimant's daily activities can support ALJ's discounting of treating physician's opinion); *Dunn v. Colvin*, 607 F. App'x 264, 273 (4th Cir. 2015) ("[I]t is appropriate for the ALJ to consider the conservative nature of a plaintiff's treatment—among other factors—in judging the credibility of the plaintiff."); *Craig*, 76 F.3d at 590 (determining that treating physician's medical notes and claimant's reported daily

---

[4] Plaintiff mistakenly refers to "20 C.F.R. § 404.1520(c)(1)-(5)." Pl.'s Mem. Supp. Mot. Summ. J. 10, ECF No. 11-1.

living activities were persuasive evidence that contradicted physician's conclusory opinion based on claimant's subjective reports of pain).

Plaintiff also argues that the ALJ failed to include in the RFC assessment limitations reflecting his depression and erred in evaluating the opinion of Osama Saleh, M.D., Plaintiff's treating source since July 10, 2018 (R. at 455).  Pl.'s Mem. Supp. Mot. Summ. J. 9-10, 11-12, ECF No. 11-1.  On August 21, 2019, Dr. Saleh completed a "Mental Capacity Assessment" form, opining that Plaintiff had several extreme and marked limitations in sustained concentration and persistence, social interaction, and adaptation.  R. at 453-54.  The ALJ found that Dr. Saleh's opinion also was not persuasive because it was not supported by the evidence of record as a whole and because it was not consistent with the evidence of record as a whole.  R. at 26.  The ALJ noted that the mild to moderate subjective findings, conservative treatment regimen, and Plaintiff's activities of daily living did not support and were inconsistent with the limitations in Dr. Saleh's opinion.  R. at 26.  For the reasons discussed above, the ALJ also properly evaluated according to the regulations Dr. Saleh's opinion, which is supported by substantial evidence.

The ALJ also acknowledged in her decision the Fourth Circuit's opinion in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015).  R. at 26-27.  The Fourth Circuit held in *Mascio* that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'"  *Mascio*, 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)).  "[T]he ability to perform simple tasks differs from the ability to stay on task.  Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace."  *Id.* The court in *Mascio* remanded the case for the ALJ to explain why the claimant's moderate

limitation in concentration, persistence, or pace at step three did not translate into a limitation in the claimant's RFC. *Id.* The Fourth Circuit, however, "did not impose a categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC." *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020). Rather, when "medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations." *Id.* (quoting *Winschel*, 631 F.3d at 1180).

Here, the ALJ stated that she had factored and incorporated Plaintiff's moderate limitation in concentrating, persisting, or maintaining pace in the RFC assessment, noting normal, mild, and moderate findings on his mental status examinations; improvement of his depression with conservative treatment; and his activities of daily living. R. at 26-27 (citing *Mascio*). Because substantial evidence supports the ALJ's finding, remand under *Mascio* is not warranted. *See Michael F. v. Saul*, Civil Case No. TJS-19-775, 2020 WL 1074572, at *3 (D. Md. Mar. 5, 2020) ("The ALJ complied with *Mascio* by explaining why a limitation to 'unskilled, routine, and repetitive tasks involving only simple work-related decisions' was sufficient to accommodate [the claimant's] moderate limitations in concentration, persistence, and pace."); *see also Howard v. Saul*, No. 3:19-CV-00531-KDB, 2020 WL 2199629, at *5 (W.D.N.C. May 6, 2020) ("In sum, the ALJ addressed [Plaintiff's] moderate limitations in concentration, persistence, or pace and properly explained why the medical evidence supported an RFC that limited [Plaintiff] to simple, routine tasks. The ALJ referenced the various medical records that showed there was no need for a limitation in concentration, persistence, or pace and that [Plaintiff] was capable of performing simple, routine tasks. His explanation is supported by

the record.  Accordingly, this Court holds that the ALJ's findings and mental limitations included in the RFC are sufficiently explained as required under *Mascio*.").

In sum, substantial evidence supports the decision of the ALJ, who applied the correct legal standards here.    Thus, Defendant's Motion for Summary Judgment is **GRANTED**, Plaintiff's Motion for Summary Judgment is **DENIED**, and the Commissioner's final decision is **AFFIRMED**.

**V**

**<u>Conclusion</u>**

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 12) is **GRANTED**.    Plaintiff's Motion for Summary Judgment (ECF No. 11) is **DENIED**.    The Commissioner's final decision is **AFFIRMED**.  A separate order will issue.

Date: March 19, 2021                                        _____/s/_____
                                                            Thomas M. DiGirolamo
                                                            United States Magistrate Judge